United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| YOHANFER JONAS DE LEON-MEJIA | § | |
|    "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00303 |
| TODD LYONS, *et al.*, | § | |
|    "Respondents." | § | |
| | § | |

## ORDER

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), "Emergency Motion for Temporary Restraining Order and Stay of Removal" (Dkt. No. 4) ("TRO"), and "Petitioner's Status Report" (Dkt. No. 6) ("Status Report"). For these reasons, the Petition (Dkt. No. 1) is **DENIED.**

### I.    BACKGROUND

Petitioner is a citizen and national of Guatemala. Dkt. No. 1 at 4. On January 6, 2026, Petitioner was arrested in Michigan. *Id.* He was then transferred to the Port Isabel Service Detention Center in Los Fresnos, Texas. *Id.*

On March 13, 2026, Petitioner filed his Petition, challenging Respondents' use of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)(A)") to detain him without bond. *See* Dkt. No. 1. Petitioner also filed a TRO requesting an order prohibiting Respondents from transferring Petitioner while his Petition remained pending before this Court. *See* Dkt. No. 4.

On March 17, 2026, however, Petitioner filed a Status Report informing the Court that he had been removed to Guatemala. *See* Dkt. No. 6.

### II.    LEGAL STANDARD

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012). Because mootness "is a jurisdictional matter [,]"

1

courts are "obliged" to raise the issue "sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

### III.    DISCUSSION

The Petition here sought two main forms of relief: (1) release from detention and (2) an order prohibiting transfer outside this Court's jurisdiction. Dkt. No. 1 at 14-15. Because Petitioner's removal presupposes his release from Respondents' custody and thus eliminates any possibility of transfer, there is no longer a live case-or-controversy for which this Court can offer relief.

Even assuming Petitioner's removal did not deprive this Court's subject matter jurisdiction, the Petition likewise fails as a matter of law. Petitioner challenges Respondents' use of § 1225(b)(2) to detain him without bond, arguing that this provision "does not apply to people like Petitioner, who have already entered and were residing in the United States at the time they were apprehended." Dkt. No. 1 at 11. But the Fifth Circuit's decision *in Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses this argument. Reading "applicant for admission" and "seeking admission" as a difference without distinction, the *Buenrostro* Court held that "an alien's status as an applicant for admission does not turn on where or how the alien entered the United States." *Buenrostro-Mendez*, 166 F.4th at 499. Because Petitioner is an "applicant for admission [,]" this interpretation places him squarely within § 1225(b)(2)(A), no matter how he entered the country. Bound by our circuit's precedent, the Court cannot offer Petitioner habeas relief on his statutory challenge.

Nor can the Court offer relief on Petitioner's due process claim, Dkt. No. 1 at 14, because "detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Here, Petitioner was detained, processed through removal proceedings, and removed all within three months. *See* Dkt. No. 1. Based on this timeline, the Court finds Petitioner's detention commensurate with the constitutionally permissible purpose of facilitating deportation. *See Demore*, 538 U.S. at 532-33 (KENNEDY, J., concurring). Without any indication of undue delay in these proceedings, the Court need not inquire further. *See id.* ("Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate

deportation, or to protect against a risk of flight or dangerousness, but to incarcerate for other reasons.").

## IV.    CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is hereby **DENIED.** The TRO (Dkt. No. 4) is further **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 26th day of March 2026.

Rolando Olvera
United States District Judge